**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE GIAQUINTO,<br><br>Defendant. | Civil Action No. 18-14057 (MAS) (JBD)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Eugene Giaquinto's ("Defendant") Motion to Stay Wage Garnishment Pursuant to Federal Rule of Civil Procedure 62.[1] (Mot. to Stay, ECF No. 11.) Plaintiff United States Securities and Exchange Commission ("Plaintiff" or "Commission") opposed (Pl.'s Opp'n Br., ECF No. 12) and Defendant replied (Def.'s Reply Br., ECF No. 13). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b).

The procedural history of this matter is provided only to the extent necessary to resolve the instant motion. On September 20, 2018, Plaintiff filed an "Application to Enforce Final Order of [the Commission] as to Eugene Giaquinto" requesting enforcement of the Commission's April 14, 2014, Order under Section 21(e) of the Exchange Act, 15 U.S.C. § 78u(e), entered against Defendant. (Compl. 1, ECF No. 1.) The same day, this Court issued an Order to Show Cause, ordering Defendant to appear for a hearing to show cause as to why the Commission's Application

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

should not be granted. (*See generally* O.S.C., ECF No. 3.) On October 15, 2018, both parties appeared before the Court for the hearing (*see* Oct. 15, 2018, Min. Entry, ECF No. 9), and the Court granted the Commission's Application and entered a Judgment (the "Final Judgment") enforcing the Commission's April 4, 2014, Order, "directing [Defendant] to pay disgorgement of $118,601.96, prejudgment interest of $14,391.32, a civil penalty of $35,000, and all applicable interest" (J. Enforcing Consent Order, ECF No. 10). Defendant did not appeal this Court's Final Judgment. On January 30, 2026, however, Defendant filed the instant motion. (Mot. to Stay.) Plaintiff opposed (Pl.'s Opp'n Br.), and Defendant replied (Def.'s Reply Br.).

Now, Defendant seeks a stay of wage garnishment arising from this Court's Final Judgment "pending resolution of Defendant's post-judgment disputes, the pending motion to vacate before the [Commission], and related settlement discussions, or until further order of the Court." (Mot. to Stay *4.[2]) Notably, Defendant "does not seek vacatur, modification, or nullification of the [Final] [J]udgment" and instead seeks to "pause[] only wage garnishment[.]" (*Id.* at *1, *4.) Defendant brings his motion pursuant to Rule 62 and argues that continued garnishment of his wages: (1) "nullif[ies] Rule 62's protective function and undermine[s] the Court's inherent authority to regulate the manner and timing of enforcement of [the Final Judgment]"; (2) violates the Fifth Amendment by "depriv[ing him] of property without a meaningful opportunity to be heard"; (3) violates statutory and constitutional limits on disgorgements; (4) is inconsistent with the Debt Collection Improvement Act; and (5) "causes immediate and continuing harm[.]" (*Id.* at *1, *3.) In opposition, Plaintiff argues that Rule 62 does not provide a mechanism for staying enforcement in this case. (Pl.'s Opp'n Br. 4.)

[2] Page numbers preceded by an asterisk reference the page numbers atop the ECF header.

Rule 62(a) provides for a thirty-day automatic stay following entry of judgment. Fed. R. Civ. P. 62(a). Here, the automatic stay expired in November 2018, over seven years prior to Defendant's motion. Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." Fed. R. Civ. P. 62(b). "The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* Courts have recognized that the "language [of Rule 62(b)] clearly and unequivocally states that if a party seeks a stay at any time after a judgment is entered, it may do so by providing a bond or other security." *Steel Workers Pension Tr. by Bosh v. Republic Steel*, No. 22-1198, 2023 WL 2245248, at *3 (W.D. Pa. Feb. 27, 2023) (citation omitted). Despite this language, some "courts have held [that] there is discretion to waive the bond requirement" under Rule 62(b). *Id.* at *3 n.3; *see also Sabre GLBL, Inc. v. Shan*, No. 15-8900, 2018 WL 4350279, at *2 (D.N.J. Sep. 12, 2018) (noting court's discretion under Rule 62 to waive bond requirement).

Discretion to waive the bond requirement should only be exercised in "extraordinary circumstances[.]" *Sabre GLBL*, 2018 WL 4350279, at *2; *Sundby v. Marquee Funding Grp., Inc.*, No. 19-390, 2026 WL 1998499, at *1 (S.D. Ca. July 9, 2026) ("[W]hile parties have the right to a stay obtained by providing a bond or other approved security, an unsecured stay is reserved for 'unusual circumstances' and awarded at the court's discretion." (citation omitted)). Courts consider the "*Dillon*" factors to determine whether such "extraordinary circumstances" exist:

1. The complexity of the collection process;
2. The amount of time required to obtain a judgment after it is affirmed on appeal;
3. The degree of confidence that the district court has in the availability of funds to pay the judgment;
4. Whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
5. Whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Sabre GLBL*, 2018 WL 4350279, at *2 (citing *Dillon v. City of Chiago*, 866 F.2d 902, 904-05 (7th Cir. 1988)); *Sundby*, 2026 WL 1998499, at *2 (applying *Dillon* factors to determine "whether a district court should exercise its discretion to waive or reduce the amount of a bond to stay a judgment"). Furthermore, "[i]n deciding whether to order an unsecured stay, the court should consider the movant's justification for granting a stay without security, as well as the movant's financial position, including whether the movant has shown whether posting a bond or otherwise providing adequate security is impossible or impractical." *Gallatin Fuels v. Westchester Fire Ins. Co.*, No. 02-2116, 2006 WL 952203, at *2 (W.D. Pa. Apr. 12, 2006) (citations omitted).

Here, Defendant has neither offered security or a bond pursuant to Rule 62(b)[3] nor has he offered any reason why the Court should waive such a requirement. (*See generally* Mot. to Stay.) Moreover, Defendant has not provided any assurance of his financial ability to pay the Final Judgment without delay. (*See generally id.*) Without more, the Court finds that a stay of Defendant's wage garnishment, absent offering a bond, is not warranted here.[4]

---

[3] In fact, Plaintiff represents that it would not object to the stay if Defendant "were to offer a full security or bond[.]" (Pl.'s Opp'n Br. 6 n.6.)

[4] The Court also notes that Defendant fails to provide the Court with any case law to support his conclusory arguments that continued garnishment of his wages: (1) violates the Fifth Amendment and statutory and constitutional limits on disgorgements; and/or (2) is otherwise inconsistent with the Debt Collection Improvement Act or Rule 62. (Mot. to Stay *1, *3.) Defendant has, therefore, not shown a likelihood that he could succeed on the merits of any post-judgment motions. *See Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.*, No. 13-150, 2015 WL 7348551, at *2 (W.D. Pa. Nov. 18, 2015) (noting that "[t]o obtain a stay pursuant to Rule 62(b)[,] the moving party must demonstrate . . . [*inter alia*] the movant's likelihood of success on the merits"); *but see March & Mclennan Agency LLC v. Ferguson*, No. 19-3837, 2026 WL 2085540, at *2 (S.D.N.Y. July 20, 2026) (noting that test requiring a showing of likelihood of success on the merits does not apply to cases involving monetary damages, and instead courts should weigh the factors to determine whether to "waive the bond requirement that automatically stays a judgment").

Based on the foregoing,

**IT IS**, on this 29th day of July 2026, **ORDERED** as follows:

1. The Clerk shall reopen the matter for the purpose of considering the instant motion.

2. Defendant's Motion to Stay (ECF No. 11) is **DENIED**.

3. The Clerk shall close the matter.

MASHIPP

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE